

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DAVID C. CORN,                                    )
                                                  )
                    Plaintiff,                    )
                                                  )          3:10-cv-136-RCJ-VPC
          v.                                      )
                                                  )               **ORDER**
                                                  )
RECONTRUST COMPANY, N.A., et al.,                 )
                                                  )
                    Defendants.                   )
                                                  )

_____

          Currently before the Court is a Motion to Dismiss (#3) filed by Defendants BAC Home Loans Servicing LP, Recontrust Company, N.A., Federal National Mortgage Association ("Fannie Mae"), Bank of America, N.A. (successor by merger to Countrywide Bank, F.S.B.), and Mortgage Electronic Registration Sys. Inc. (collectively "Defendants") on April 2, 2010. Plaintiff David C. Corn filed an Opposition to Motion to Dismiss (#14) on July 19, 2010.

          The Court heard oral argument on February 22, 2011.

## BACKGROUND

**A.      Facts**

          Plaintiff David C. Corn executed a note secured by a deed of trust on a piece of property located at 1500 Fairfield Ave., Reno, Nevada, 89509, which was recorded in Washoe County on March 12, 2007. (Deed of Trust (#1-1) at 43-44, 46, 57).[1]  The mortgage, dated February 26, 2007, was for $280,000. (*Id.* at 45). The lender on the deed of trust was Intohomes Mortgage Services, Inc. (*Id.* at 44). The trustee on the deed of trust was Western

_____

          [1] According to the Washoe County Assessor's Office, this property is used as a single family residence.  *See* http://www.co.washoe.nv.us/assessor/cama/search.php.

1 Title Company Inc. (*Id.*). The Mortgage Electronic Registration System, Inc. ("MERS") was

2 named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the

3 beneficiary[2] under the security instrument. (*Id.* at 45).

4      On January 1, 2009, Plaintiff defaulted on his mortgage payments for an unspecified

5 amount. (*See* Notice of Default (#1-1) at 63). On April 30, 2009, MERS, acting as a nominee

6 for the lender,[3] executed a Substitution of Trustee and replaced Recontrust Company, N.A.,

7 as the trustee for Western Title Company, Inc. (Substitution of Trustee (#1-1) at 65).

8      That same day, April 30, 2009, Recontrust Company recorded a notice of default and

9 election to sell under the deed of trust with the Washoe County Recorder's office. (Notice of

10 Default (#1-1) at 63). The notice of default named Recontrust Company as the trustee under

11 the deed of trust. (*Id.*). The notice of default identified the breach of obligations as "failure to

12 pay the installment of principal, interest and impounds which became due on 01/01/2009 and

13 all subsequent installments of principal, interest and impounds, together with all late charges,

14 plus advances made and costs incurred by the beneficiary, including foreclosure fees and

15 costs and/or attorneys' fees." (*Id.*).

16      On August 3, 2009, Recontrust Company recorded a notice of trustee's sale with the

17 Washoe County Recorder's office. (Notice of Trustee's Sale (#1-1) at 66). On October 22,

18 2009, Recontrust Company recorded a trustee's deed upon sale which explained that

19 Recontrust Company sold the property to the Federal National Mortgage Association ("Fannie

20 Mae") for $298,776 at a public action on September 23, 2009. (Trustee's Deed Upon Sale

21 (#1-1) at 71). The trustee's deed upon sale stated that, "[a]ll requirements of law regarding

22 the recording and mailing of copies of the Notice of Default and Election to Sell, and the

23

24      [2] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

25      [3] In the substitution for trustee, MERS does not indicate that it is acting as a nominee
26 for the lender. (*See* Substitution of Trustee (#1-1) at 65). Instead, MERS indicates that it is
a beneficiary of the deed of trust. However, by its actions, it is clear that MERS is acting on
27 behalf of the lender to administer the deed of trust and is not attempting to convey a beneficial
interest in the deed of trust. *See Gomez*, 2009 WL 3617650 at *1 (finding that a nominee on
28 a deed of trust is granted authority as an agent to act on behalf of the holder of the promissory
note as to the administration of the deed of trust including substituting trustees).

2

1  mailing, posting, and publication of the Notice of Trustee's Sale have been complied with."
2  (*Id.*).

3      **B.**    **Complaint**

4      In March 2010, Defendants filed a petition for removal and attached Plaintiff's complaint
5  from the Second Judicial District Court in Washoe County.  (Pet. for Removal (#1, 1-1)).
6  Plaintiff's complaint listed eight causes of action.  (Complaint (#1-1)).

7      In the first cause of action, Plaintiff alleged wrongful foreclosure for failure to serve
8  notice of default.  (*Id.* at 12).  Specifically, Plaintiff alleged that he "never received by mail (or
9  otherwise)" a copy of the notice of default.  (*Id.*).  He also asserted that Defendants never
10 posted the notice of default on the trust estate property.  (*Id.*).  He contended that the non-
11 judicial foreclosure proceeding was defective for this lack of notice.  (*Id.* at 13).

12     In the second cause of action, Plaintiff alleged wrongful foreclosure for failure to give
13 notice of trustee's sale.  (*Id.* at 15).  He alleged that he "never received any Notice of Trustees
14 Sale nor was the same ever posted on the Trust Estate property by any Defendant."  (*Id.*).

15     In the third cause of action, Plaintiff alleged wrongful foreclosure "by September 23,
16 2009 of record beneficiary under Corn deed of trust."  (*Id.* at 17).  Plaintiff appears to argue
17 that somehow the deed of trust was extinguished based on a line of beneficiaries and that his
18 promissory note is now uncollectible.  (*Id.* at 20).

19     In the fourth cause of action, Plaintiff alleged conversion.  (*Id.* at 21).  In the fifth cause
20 of action, Plaintiff sought to quiet title.  (*Id.* at 22).  In the sixth cause of action, Plaintiff alleged
21 wrongful foreclosure for "failure to comply with federal and/or state home retention plans." (*Id.*
22 at 24).  He asserted that he contacted both Countrywide and BAC and BAC told him that he
23 qualified for the home retention program, but then never contacted him to arrange for "a
24 successful program of home retention." (*Id.* at 24-25).  On September 29, 2009, Plaintiff found
25 out that his house had been foreclosed on because of a notice posted on his house.  (*Id.* at
26 25).  He asserted that Defendants "made certain to commence such foreclosure proceedings
27 against [him] . . . before Nevada State law changed" to give him 100% cure rights before the
28 trustee's sale.  (*Id.* at 25-26).

1    In the seventh cause of action, Plaintiff alleged wrongful foreclosure for severance of

2  the note from the deed of trust. (*Id.* at 26).  In the eighth cause of action, Plaintiff generally

3  alleged wrongful foreclosure for failure to comply with "all provisions" of NRS Chapter 107

4  because Recontrust was not a lawful substituted trustee. (*Id.* at 30).

5                                            **LEGAL STANDARD**

6    When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the

7  court must accept as true all factual allegations in the complaint as well as all reasonable

8  inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150

9  n.2 (9th Cir. 2000).  Such allegations must be construed in the light most favorable to the

10  nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  In general, the

11  court should only look to the contents of the complaint during its review of a Rule 12(b)(6)

12  motion to dismiss.  However, the court may consider documents attached to the complaint or

13  referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First*

14  *Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

15    The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a

16  claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th

17  Cir. 2001).  The issue is not whether a plaintiff will ultimately prevail but whether the claimant

18  is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,

19  249 (9th Cir. 1997) (quotations omitted).  To avoid a Rule 12(b)(6) dismissal, a complaint does

20  not need detailed factual allegations; rather, it must plead "enough facts to state a claim to

21  relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022

22  (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,

23  1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173

24  L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual

25  content that allows the court to draw the reasonable inference that the defendant is liable for

26  the misconduct alleged").   Even though a complaint does not need "detailed factual

27  allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be

28  enough to raise a right to relief above the speculative level . . . on the assumption that all the

                                                        4

allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Defendants file a motion to dismiss all claims. (Mot. to Dismiss (#3)). Defendants argue that Plaintiff's wrongful foreclosure claims (claims 1, 2, 3, 6, 7, and 8) should be dismissed because Plaintiff failed to plead that he did not default on the loan. (*Id.* at 5). With respect to the sixth cause of action, Defendants argue that there is no private right of action for borrowers under the Emergency Economic Stabilization Act, 12 U.S.C. § 5201, *et seq.*, to demand relief on their mortgages. (*Id.* at 9). Defendants also assert that the change in Nevada foreclosure law occurred on May 28, 2009, after the foreclosure at issue had begun. (*Id.*). With respect to the conversion claim, Defendants argue that an action for conversion lies with personal property and not real property. (*Id.* at 10). With respect to the quiet title claim, Defendants assert that only Fannie Mae has any rights to the subject property. (*Id.*). Defendants argue that the trustee's deed upon sale states that all statutory notice requirements had been met and that Plaintiff has not raised a plausible claim that the statutes were not met. (*Id.* at 11). Defendants assert that they are required to send the notice by certified mail, but do not have to ensure that the trustor receives it. (*Id.*). Defendants assert

that the statutes do not require the notice of trustee's sale to be posted on the property. (*Id.*).

Lastly, Defendants assert that, although Bank of America is named as a defendant, the body of the pleading does not allege that Bank of America did anything wrong and it should be dismissed from the case. (*Id.* at 12).

Plaintiff filed an opposition and Defendants filed a reply. (*See* Opp. to Mot. to Dismiss (#14); Reply to Mot. to Dismiss (#18)).

As an initial matter, Defendants are correct that Plaintiff fails to state a claim for a true wrongful foreclosure claim because Plaintiff was in default.  In a wrongful foreclosure claim, a plaintiff must demonstrate that "at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).  In other words, the material issue is "whether the trustor was in default when the power of sale was exercised." *Id.*  However, based on the pleadings, it is clear that Plaintiff is arguing that there was a statutory violation of Nevada foreclosure law under NRS Chapter 107.

Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." NRS § 107.020. Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation.  NRS § 107.080(2)(c).

The procedures for conducting a trustee's foreclosure sale are set forth in NRS § 107.080.  To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of the breach and election to sell. NRS § 107.080(2)(c). The notice of default and election to sell must "[d]escribe the deficiency in performance or payment and may contain a notice of intent to declare the entire unpaid balance due if acceleration is permitted by the obligation secured by the deed of trust." *Id.* § 107.080(3)(a). A copy of the notice of default and election to sell must be mailed by registered mail or certified mail with return receipt requested.  *Id.* § 107.080(3).  If the property is a residential foreclosure, the notice of default and election to sell must comply with NRS §

107.087. *Id.* § 107.080(3)(b). Nevada Revised Statute § 107.087 provides that the notice of default and election to sell must include the physical address of the property and the contact information of the trustee or the person conducting the foreclosure who is authorized to provide information relating to the foreclosure status of the property. NRS § 107.087(1)(b)(1)-(2). The notice of default must "[b]e posted in a conspicuous place on the property" no later than three days after the notice of default is recorded. *Id.* § 107.087(1)(a).

The trustee or other person authorized to make the sale must wait three months after recording the notice of default and election to sell. NRS § 107.080(2)(d). After the three month period, the trustee must give notice of the time and place of the sale to each trustor by personal service or by mailing the notice by registered or certified mail to the last known address of the trustor. *Id.* § 107.080(4). The trustee must also post a similar notice in three public places where the property is situated and is to be sold and publish a copy of the notice three times, once each week for three consecutive weeks, in a local newspaper. NRS § 107.080(4)(b)-(c). In a residential foreclosure, the notice of sale must also be posted in a conspicuous place on the property. NRS § 107.087(1)(a); NRS § 107.080(4)(d).

Under NRS § 107.080(5), a "sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place if . . . [t]he trustee or other person authorized to make the sale does not substantially comply with the provisions of this section." *Id.* § 107.080(5)(a).

A nominee on a deed of trust has the authority, as an agent, to act on behalf of the holder of the promissory note and execute a substitution of trustees. *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, *1 (D. Nev. 2009). As long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure. *Id.* at *2.

In this case, the proper entities foreclosed on the property in the proper order. However, based on Plaintiff's allegations and Defendants' response, this Court had concerns with Plaintiff's allegations that he had never received a copy of the notice of default or notice of the trustee's sale. At oral argument, the Court directed Defendants to provide proof of

7

1 | mailing or posting within ten days.

2 |     In compliance with the Court's order, Defendants filed a Supplement in Support of
3 | Motion to Dismiss (#21).  The supplement included the following: (a) an Affidavit of Mailing
4 | from May 8, 2009, from Martha Casillas declaring that she had deposited copies of the Notice
5 | of Default in sealed envelopes, certified or registered mail and first class, with postage prepaid
6 | to David Corn (Exhibit A (#21-1) at 2); (b) an Affidavit of Mailing from July 31, 2009, from
7 | Martha Casillas declaring that she had deposited copies of the Notice of Sale in sealed
8 | envelopes, certified or registered mail and first class, with postage prepaid to David Corn
9 | (Exhibit B (#21-2) at 2); (c) a Certificate of Posting, dated July 31, 2009, that certified the
10 | public posting of the notice of trustee's sale at the Reno courthouse, city hall, and library
11 | (Exhibit C (#21-3) at 2); and (d) an Affidavit of Publication from the Record Clerk of the Sparks
12 | Tribune that the Notice of Trustee's Sale was published in that newspaper on July 31, August
13 | 7-8, 14, 2009 (Exhibit D (#21-4) at 2).

14 |     In the first cause of action, Plaintiff alleges that: (1) he never received a copy of the
15 | notice of default, and (2) Defendants never posted the notice of default on the trust estate
16 | property. (Complaint (#1-1) at 12).  Defendants are correct that, under the statute, they only
17 | had to mail the notice of default to Plaintiff and were under no duty to ensure that he actually
18 | received the notice of default.  See Hankins v. Adm'r of Veterans Affairs, 555 P.2d 483, 484
19 | (Nev. 1976) (mailing of the notices was all that the statute requires and their mailing presumes
20 | that they were received).  Because Defendants have provided proof that they mailed the notice
21 | of default to Plaintiff, the Court finds that Defendants substantially complied with the provisions
22 | of NRS § 107.080 even though they failed to post the notice of default on the property at
23 | issue.  Accordingly, the Court grants the motion to dismiss the first cause of action.

24 |     In the second cause of action, Plaintiff alleges a statutory defect in the foreclosure
25 | because he never received the notice of trustee's sale and Defendants failed to post the notice
26 | of trustee's sale on the property. (See Complaint (#1-1) at 15).  As noted above, Defendants
27 | did not have a duty to ensure that Plaintiff received the notice of trustee's sale.  Because
28 | Defendants have provided proof that they mailed the notice of trustee's sale to Plaintiff, the

1  Court finds that Defendants have substantially complied with the provisions of NRS § 107.080
2  even though they failed to post the notice of trustee's sale "in a conspicuous place on the
3  property" as required by NRS § 107.080(4)(d) and NRS § 107.087(1)(a).

4        The Court grants Defendants' motion to dismiss the third and eighth causes of action
5  alleging that MERS and Recontrust were not proper entities in this foreclosure.   As
6  demonstrated by the facts of this case, the proper entities foreclosed in this case. Therefore,
7  the Court grants Defendants' motion to dismiss Plaintiff's fifth cause of action to quiet title. The
8  Court also grants Defendants' motion to dismiss the seventh cause of action that the deed of
9  trust and note were separated.   *See Weingartner v. Chase Home Finance, LLC*, 702
10  F.Supp.2d 1276, 1283 (D. Nev. 2010) (finding that if the note is transferred or assigned, the
11  mortgage automatically goes with the transfer or assignment).

12        The Court grants Defendants' motion to dismiss the fourth cause of action for
13  conversion because a claim for conversion lies with personal property, not real property. *See*
14  *Wantz v. Redfield*, 326 P.2d 413, 414 (Nev. 1958) (holding that conversion is defined as "a
15  distinct act of dominion wrongfully exerted over another's personal property in denial of, or
16  inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title
17  or rights").

18        The Court grants Defendants' motion to dismiss the sixth cause of action for wrongful
19  foreclosure for failure to comply with federal and/or state home retention plans. The Home
20  Affordable Modification Program does not provide borrowers with a private cause of action
21  against lenders for failing to consider their application for loan modification or even to modify
22  an eligible loan. *See Simon v. Bank of America, N.A.*, 2010 WL 2609436, *10 (D. Nev. 2010)
23  (noting that other district courts have consistently held this).  With respect to state law, the
24  Nevada Supreme Court's Mandatory Foreclosure Mediation Program only applies to
25  foreclosures where the notice of default was filed after July 1, 2009. *See id.* at *9.  Here,
26  Recontrust filed the notice of default on April 30, 2009.

27        Accordingly, the Court grants the motion to dismiss all claims against Defendants.
28  ///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Dismiss (#3) is GRANTED without leave to amend.

DATED: This 24th day of March, 2011.

_____
United States District Judge