**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID C. CORN,

    Plaintiff,

v.                                        3:10-cv-136-RCJ-VPC

RECONTRUST COMPANY, N.A., et al.,          **ORDER**

    Defendants.

_____

        Currently before the Court is Plaintiff David C. Corn's motion for reconsideration (#26).

        On March 24, 2011, this Court granted Defendants BAC Home Loans Servicing LP, Recontrust Company, N.A., Federal National Mortgage Association ("Fannie Mae"), Bank of America, N.A. (successor by merger to Countrywide Bank, F.S.B.), and Mortgage Electronic Registration Sys. Inc.'s (collectively "Defendants") motion to dismiss (#3) in its entirety without leave to amend. (Order (#24) at 9-10). The Court found that the proper entities foreclosed in this case. (*Id.* at 9).

        On March 30, 2011, Plaintiff filed a motion for reconsideration. (Mot. for Reconsideration (#26)). He asserts that Defendants did not substantially comply with the provisions of NRS § 107.080 because Recontrust stated that it had sold the property on September 23, 2009 to the highest bidder for cash even though that was untrue. (*Id.* at 2). He argues that Fannie Mae did not become the "of-record" beneficiary of the note and deed of trust until 29 days after the September 23, 2009 trustee's sale. (*Id.*). He contends that it was impossible for Fannie Mae to enter a credit bid as a non-beneficiary of the note and deed of trust 30 days before it had been assigned the note and deed of trust on October 22, 2009.

(*Id.*). He appears to argue that Defendants did not substantially comply with NRS § 107.080 because Fannie Mae did not pay cash at the foreclosure sale and had no right to enter into a credit bid. (*Id.* at 4). Plaintiff does not cite to any law to support his argument. (*See id.* at 1-5).

In response, Defendants argue that Plaintiff's argument lacks legal support and notes that Plaintiff made this argument to the Court before. (Opp'n to Mot. for Reconsideration (#28) at 2). Defendants assert that Plaintiff has not presented any new evidence or law and has not demonstrated any manifest errors in the Court's order. (*Id.* at 4).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

In this case, Plaintiff has not presented this Court with any newly discovered evidence or demonstrated an intervening change in controlling law. Additionally, he has not demonstrated that the Court committed clear error in finding that the proper entities foreclosed in this case and substantially complied with NRS § 107.080 in doing so. Moreover, Plaintiff has not cited any law for the proposition that Fannie Mae could not enter into a credit bid at the foreclosure sale. As such, the Court denies the motion for reconsideration (#26).

///
///
///
///
///

2

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Reconsideration (#26) is DENIED.

DATED: This 8th day of September, 2011.

_____
United States District Judge